# IN THE MATTER OF THE ESTATE OF KATHERINE L. YOUMANS, late of New York, deceased.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED FEBRUARY 25, 1896.      DECIDED FEBRUARY 26, 1896.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE CARTER, IN PLACE OF MR. JUSTICE WHITING, ABSENT FROM ILLNESS.

An appeal was taken from an order of a Circuit Judge sitting in probate, requiring the ancillary administrator to deliver the residuum of the assets of the estate to the domiciliary administrator appointed in the State of New York. *Held,* such order may be made at the final hearing for the approving of the accounts of the administrator and distribution of the property of the intestate (if no reason shall then appear why such order should not be made), but not before.

#### OPINION OF THE COURT BY FREAR, J.

Conceding that, as held by Circuit Judge Perry, from whose decision this appeal is taken, the proper course under ordinary circumstances is for the ancillary administrator, after settlement of all claims, to deliver over, upon the order of the Court, to the domiciliary administrator, the residuum of assets for the purposes of distribution, yet this is a matter within the discretion of the court, and the residuum may, and should, under exceptional circumstances, be retained for distribution in the Court to which the ancillary administrator owes allegiance. Schouler, Extrs. and Admrs., Sec. 174; Wharton, Conflict of Laws, Sec. 639. It is clear, therefore, that possible distributees should have an opportunity to be heard upon the question. Possible creditors also should have the same opportunity. Claims unknown to the court may have been presented to the administrator and, if

rejected, may be in course of litigation long after the expiration of the time limited by the statute of non-claim, or, if such claims have been admitted, the creditor may not have been paid.    It is not sufficient to say that no objection will or can be made to the allowance of the accounts or to the delivery of the residuum to the domiciliary administrator at the final hearing.  The court cannot exhaust and pass upon all possible contingencies at this stage of the proceedings.    It cannot say that no one will appear to contest the matters presented at the final hearing or if any objections should then be raised, that they would not or could not be sustained.    All parties interested are entitled to notice and in this proceeding the administrator only has received notice. No case has been brought to our attention in which an order such as is now asked for has been granted before the allowance of the final accounts.    On the contrary, the authorities would seem to be the other way.    See for instance, Wharton, Conflict of Laws, Sec. 619.    Certainly the general principles relating to notice and hearing require us to so hold in this case.

It was suggested by counsel that in case the court should come to this conclusion, the payment of the residuum to the domiciliary administrator might be ordered upon condition that a bond of indemnity be given.    We think any arrangement of this nature, if made, might better be between the parties themselves and on their own responsibility.

The order appealed from is reversed.

*Hartwell, Thurston and Stanley,* for petitioners.

*W. A. Kinney,* for respondent.